Lamar vs. Cottle and Burnam.

---

Henry J. Lamar, plaintiff in error, vs. Thomas P. Cottle and Abner Burnam, defendants in error.

Where an action is brought against the maker and endorser of a promissory note residing in different counties, and the writ has been regularly filed, sued out and served on the non-resident defendant, leave may be granted to perfect service on the resident defendant. And after both defendants have

appeared and filed a meritorious defence, and the case is on the appeal, it is too late to object to any irregularity in the proceeding, even if any such existed.

Assumpsit, from Schley county.   Decision by Judge WORRILL, at August Term, 1858.

This was an action brought in Sumter county, by Henry J. Lamar, against Thomas P. Cottle of Sumter county, as maker, and Abner Burnam of Houston county, as endorser, of a promissory note.

The writ issued 29th January, 1856.   The Sheriff of Sumter county returned "the defendant Thomas P. Cottle not to be found in the county.   This 22d February, 1856."   Burnam was served by the Sheriff of Houston county, 4th February, 1856.

Afterwards, at a subsequent Term of the Court, it was, on motion of counsel, "Ordered, that plaintiff have leave to withdraw the original declaration to perfect service upon the said Thomas P. Cottle, and that the Clerk of this Court do make out a copy of said writ, and the Sheriff be required to serve said copy upon said Thomas P. Cottle, at least twenty days before the next Term of this Court."   The Sheriff returned that he had personally served Thomas P. Cottle, 19th February, 1857.   At September Term, 1857, Cottle and Burnam both filed issuable pleas, and the case was transferred to the appeal by consent; and Cottle residing in that portion of Sumter county embraced and cut off into the new county of Schley, the case was afterwards by order of Court transferred to that county.

The case coming on for trial in Schley Superior Court, counsel for Burnam, moved to dismiss the case as to him, upon the ground that the return of *non est inventus* by the Sheriff of Sumter county, as to Cottle, prevented the jurisdiction of the Court from attaching as to him, Burnam.

The Court sustained the motion and dismissed the case as to Burnam.

Lamar vs. Cottle and Burnam.

Counsel for Cottle moved that it be dismissed as to him, upon the ground that the order giving further time to perfect service on him, was null and void. The Court also granted this motion, and dismissed the case as to Cottle.

To which decisions counsel for plaintiff excepted.

HUNTER & ELLS; STUBBS & HILL, for plaintiff in error.

McCAY & HAWKINS; and SCARBOROUGH, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The writ in this case, was regularly sued out and returned. This was the commencement of the suit, and gave the Court jurisdiction. The Sheriff returned, that one of the defendants was not to be found, although in point of fact, he lived in the county, which fact was offered to be proved; and was, I believe, a member of the Legislature from that county, at the time. Time was asked for and allowed to serve him, which was done, in the county. The case was delayed, but did not abate. Both defendants came in and filed meritorious pleas. And yet after all this, the action was dismissed. This case does not fall within any of the provisions of the 8th section of the Judiciary Act of 1799, prescribing certain things to be done, and declaring the whole proceeding void, provided they are not complied with. A hard case of this sort has occurred during the present Term. One may well doubt the propriety of the construction originally put upon that Act. But it is too late to correct it, except by legislation, which has been partially done.

Under the 11th section of the Judiciary Act of 1799, giving the right to sue co-obligors and joint promissors in the same action, though living in different counties, it often happens that the non-resident defendant cannot be served in time. And leave is always granted to perfect service. Why

should not the converse of the proposition be true; that is, where the resident defendant is not served?

The fact that the parties have pleaded to the action helps the case. And the Act of 1818, if rightfully interpreted, would save the case, as it would have done scores of cases heretofore.

Judgment reversed.